IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:20-cv-00039-M

| | | |
|---|---|---|
| TERRIE L. OWENS, TRUSTEE OF THE WELLS IRREVOCABLE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) ) | |
| BEVERLY K. WELLS, | ) ) | |
| Defendant. | ) ) | |

Before the court is Defendant's motion to dismiss [DE 6] the operative Complaint in its entirety, in which Defendant seeks dismissal for the court's lack of subject-matter jurisdiction and for Plaintiff's failure to state plausible claims for relief. For the following reasons, the motion is granted, and Plaintiff's claims are dismissed without prejudice for the court's lack of subject-matter jurisdiction.

**I.   Statement of Facts**

Plaintiff Terrie Owens ("Owens") was formerly married to the decedent, Michael W. Wells ("Mr. Wells"). Compl. at ¶ 5. Owens and Mr. Wells resided in Virginia and had two children, Colbi Wells (now known as Colbi Wells-Austin) and Gannon Wells (collectively, "Children"). *Id.* Owens and Mr. Wells divorced in 2004. *Id.* at ¶ 6. Their divorce decree incorporated a [Separation and] Property Settlement Agreement ("PSA") that, among other things, provides:

> The Husband and Wife acknowledge that they each have a life insurance policy in the amount of Two Million Dollars ($2,000,000.00) on their lives. Each party agrees to maintain the existing policies for the benefit of the minor children who shall be the sole and irrevocable beneficiaries of the aforesaid policies and naming the other party as trustee as and for the benefit of the minor children. The parties shall on the anniversary of the policy provide the other with proof of the active

> status of said life insurance. Said policies shall remain in effect until the youngest child attains the age of 23 years.

PSA, ¶ 7, DE 1-2. The PSA also provided that it was binding on the parties, as well as their "heirs, executors, administrators, personal representatives, transferees, trustees, successor and assigns." *Id.* at ¶ 20.

Mr. Wells, as of the date of the PSA, maintained an insurance policy on his life issued by Banner Life Insurance Company ("Policy"). Compl. at ¶ 11. Mr. Wells married the Defendant, Beverly Wells ("Wells") in 2016. *Id.* at ¶ 15. Thereafter, Mr. Wells changed the beneficiary designation on the Policy to reflect Wells as the sole beneficiary. *Id.* Mr. Wells died on November 18, 2018 in Currituck County, North Carolina. As of the date of Mr. Wells' death, Gannon Wells had not yet turned twenty-three years old; thus, Mr. Wells continued to be obligated under the PSA and Divorce Decree to maintain Owens as a trustee and the Children as beneficiaries of the Policy. *Id.* at ¶ 16. In January 2019, Wells made a claim on the Policy and collected the entire proceeds. *Id.* at ¶ 17. More than a year later, on March 11, 2020, Owens established the Wells Irrevocable Trust ("Trust") to receive and hold the life insurance proceeds from the Policy for the benefit of the Children. *Id.* at ¶ 14. The Children are the sole beneficiaries of the Trust. *Id.*

Owens stipulates that her daughter, Colbi Wells-Austin, is a resident of North Carolina. Resp. at 2, DE 11.

## II. Procedural History

Based on these facts, Owens initiated this action on June 19, 2020 seeking a constructive trust against Wells by alleging claims for restitution in equity and unjust enrichment under North Carolina law. Compl., DE 1. Owens invokes this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2

In response to the Complaint, Wells filed the present motion seeking dismissal for the court's lack of subject matter jurisdiction and, in the alternative, for Owens' failure to state plausible claims for relief. Specifically, Wells asserts that a trust did not exist with the execution of the PSA and, thus, the Trust is not a proper party in this case. Wells also contends that Owens can identify no injury she has suffered and, therefore, she has no standing to bring her claims. Alternatively, Wells asserts that the Children are necessary parties under Fed. R. Civ. P. 19 and joinder of Colbi Wells-Austin, who resides in North Carolina, would destroy the Court's diversity jurisdiction. Finally, Wells contends that, even if the court had jurisdiction over this action, Owens fails to state plausible claims for relief under North Carolina law.

Owens counters that as the named trustee of a properly executed trust, she has legal title to the proceeds of the insurance policy, which is sufficient to demonstrate constitutional standing to bring this action. She also argues that she is the real party in interest pursuant to Fed. R. Civ. P. 17(a)(1) and North Carolina law. Finally, Owens asserts that her claims are plausible because they do not arise from a "bilateral relationship whereby one party conferred a benefit upon another" but, rather, "the claims are based on a third party's transfer to the Defendant of a benefit (the Policy proceeds) to which the Children have superior equitable title." Resp. at 11-12.

Although provided the opportunity to do so, Wells did not file a reply brief. Following review of the applicable record, the court is fully apprised and finds the Plaintiff lacks standing to bring the asserted claims.

### III. Analysis

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting

3

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Importantly, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.* Thus, even if the court finds the parties' arguments insufficient to determine whether it retains subject-matter jurisdiction over this action, the court must engage in its own analysis of whether jurisdiction exists to adjudicate this case.

To invoke federal jurisdiction, a plaintiff bears the burden of establishing the three "irreducible minimum requirements" of Article III standing[1]:

> (1) an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (quoting *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013)). "Whether a plaintiff has standing is determined by considering the relevant facts as they existed at the time the action was commenced." *Republic Bank & Tr. Co. v. Kucan*, 245 F. App'x 308, 310 (4th Cir. 2007) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000)).

First, Wells asserts that Owens, as a "nominal" plaintiff, is not the real party in interest, and the Trust has no legal claim to the proceeds of the Policy because the Trust is "not valid" and neither Owens nor the Trust has suffered any injury. Owens counters that, as Trustee of the Trust,[2]

---

[1] "Generally, challenges to standing are addressed under Rule 12(b)(1) for lack of subject matter jurisdiction." *Payne v. Chapel Hill N. Properties, LLC*, 947 F. Supp. 2d 567, 572 (M.D.N.C. 2013) (citing *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011)). When resolving a motion under Rule 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

[2] Owens neither alleges nor argues she has suffered an injury as an individual or in any other role.

4

she suffered an injury based on Wells depriving the Trust of legal title to the Policy and, under Rule 17(a)(1)(E) of the Federal Rules of Civil Procedure, she may sue in her name without joining the Trust beneficiaries (here, the Children).

The court finds Owens has failed to allege that she, as Trustee of the Trust, suffered an injury to a legally protected interest. The terms of the PSA provide that, for the life insurance policies then existing, Owens and Mr. Wells were to name each other as trustee "for the benefit of the minor children." The court reasonably infers from the allegations that Mr. Wells initially designated Owens, as trustee, as a beneficiary of the policy proceeds in accordance with the PSA. At that time, had Owens established a trust to receive and hold a contingent interest in the life insurance proceeds for the benefit of the Children, she would have had a legal interest (as trustee), and the Children would have had an equitable interest, in the proceeds. *See N. Carolina Dep't of Revenue v. The Kimberley Rice Kaestner 1992 Family Tr.*, 139 S. Ct. 2213, 2218, 204 L. Ed. 2d 621 (2019) ("The trust comprises the separate interests of the beneficiary, who has an 'equitable interest' in the trust property, and the trustee, who has a 'legal interest' in that property.") (citation omitted). However, the Trust in this case was not established until March 2020, more than a year after Mr. Wells' death, and the Trust property currently consists of $1 transferred from Owens, an individual, to Owens as Trustee. *See* Trust, ¶ 1.1, DE 7-1 at 1. Thus, to demonstrate an injury-in-fact in this case, Owens must show that she had, at the time the Trust was established, a legal interest in the life insurance proceeds.

Owens alleges, as she must, that her legal interest in the proceeds as a "Trustee of the Wells Irrevocable Trust" arises from the PSA. Compl, ¶ 9. Wells contends that the terms of the PSA do not create a valid express trust and, thus, the Trust does not have standing and "cannot be

5

substituted[3] as a plaintiff" in this case. In response, Owens "does not claim that the PSA created a trust" but argues "the express terms of the PSA clearly indicate the parties' intention that, if necessary, a trust would be created at some point in the future to hold Policy proceeds." Resp. at 5. No party disputes that the Trust is an "express trust" created under Virginia law. *Id.* at 3, 9. In Virginia:

> In order to constitute an express trust there must be either explicit language to that effect or circumstances which show with reasonable certainty that a trust was intended to be created. The declaration must be reasonably certain in its material terms. If the language is so vague, indefinite, or equivocal that any one of the elements is left in uncertainty, the trust must fail.

*Woods v. Stull*, 182 Va. 888, 902, 30 S.E.2d 675, 682 (1944) (citing 65 C.J., Trusts, sections 21 and 50). "Absent an express declaration of trust, however, only the actual transfer of property to a trustee can effect the requisite separation of legal and equitable interests necessary to create an express trust." *Cody v. United States*, 348 F. Supp. 2d 682, 693 (E.D. Va. 2004) (citing *Ballard v. McCoy*, 247 Va. 513, 443 S.E.2d 146, 148 (1994)). Therefore, "either an express declaration of trust or a transfer of trust property to a trustee is required for an express trust to arise under Virginia law." *Id.* Importantly, "a settlor's mere intent to create a trust in the future, even if declared, does not suffice to create a trust; the settlor's words or acts 'must constitute an actual carrying out and execution of the settlor's intent' for a trust to be created." *Id.* (quoting 76 AM. JUR. 2D Trusts § 51 (1992)).

The court finds that the PSA is insufficient to create the express Trust by which Owens alleges an injury-in-fact. The entirety of the provision purportedly creating a trust states: "Each party agrees to maintain the existing policies for the benefit of the minor children who shall be the sole and irrevocable beneficiaries of the aforesaid policies and naming the other party as trustee as

---

[3] Wells contends that the Children are proper—and, even, necessary—plaintiffs in this case.

6

and for the benefit of the minor children." PSA, ¶ 7, DE 1-2. This sentence does not constitute a "declaration that is reasonably certain in its material terms";[4] for example, it contains no effective date nor time period in which a trust instrument must be created. *See Woods*, 182 Va. at 902, 30 S.E.2d at 682. Moreover, it fails to describe "circumstances [which] unequivocally manifest that a trust is being created." *Cody*, 348 F. Supp. 2d at 693. As Owens concedes, the PSA's term contemplates that a trust "would be created at some point in the future." Resp. at 5. Under Virginia law, this is insufficient: "a settlor's mere intent to create a trust in the future, even if declared, does not suffice to create a trust." *Cody*, 348 F. Supp. 2d at 693.

As mentioned above, trusts in Virginia may be created to hold a contingent interest. *See* Restatement (Second) of Trusts § 85 (1959) ("A contingent interest, if transferable, can be held in trust."); *In re Baydush*, 171 B.R. 953, 957 (E.D. Va. 1994) ("a contingent remainder is a transferable interest under Virginia law"). In this case, it may be argued that Owens, assuming she was named as a beneficiary on the life insurance policy before it was changed, has a contingent interest in the policy's proceeds and/or in any proceeds resulting from a constructive trust imposed by the court in this case. However, the Trust, by which Owens alleges an injury, was not created to hold these interests and Owens did not transfer or deliver to the Trust these interests, to the extent they exist. *See* Trust, DE 7-1.

Accordingly, the court finds the Trust is a stranger to this litigation and Owens, as its Trustee, fails to allege she has a legal interest in the subject insurance proceeds. At most, her interest lies solely in the Trust property of $1.

---

[4] Notably, the Trust itself, created by an "Irrevocable Trust Agreement," demonstrates the type of explicit language and certain terms necessary to create an express trust under Virginia law. *See* DE 7-1.

7

Owens contends that "[o]n the date of the Trust's creation, [she] suffered a legally cognizant injury due to [Wells'] deprivation of legal title to the Policy proceeds, which she unjustly retained based on Mr. Wells' inequitable conduct in changing the beneficiary designation." Resp. at 8. Again, Owens has failed to allege that, as Trustee of the Wells Irrevocable Trust, she has or had a legal interest in the insurance proceeds. Owens does not allege that she, personally, has been injured nor, as Wells contends, do the claimed actual beneficiaries of the policy proceeds—the Children, who are adults now—appear in this action.[5]

In sum, the Plaintiff, who filed this action and bears the burden to demonstrate the court's subject-matter jurisdiction (*see U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009)), fails to establish she, as a trustee of the Trust, has constitutional standing to seek a constructive trust over the insurance proceeds at issue in this case. Were the court to find otherwise, it then would be obligated to address whether the Trust, created more than a year after Mr. Wells' death, was "improperly or collusively made . . . to invoke the jurisdiction of [this] court" pursuant to 28 U.S.C. § 1359.

As the court finds it lacks subject-matter jurisdiction over the claims asserted by Plaintiff, it will not proceed to address the Defendant's remaining arguments for dismissal of this case.

## IV. Conclusion

The court concludes that Plaintiff Terrie L. Owens, Trustee of the Wells Irrevocable Trust, has failed to allege she suffered an injury-in-fact as necessary to establish she has constitutional standing to bring her claims in this matter. Therefore, the motion to disrniss is GRANTED, and Plaintiff's claims are dismissed without prejudice. The Clerk of the Court is directed to close this

---

[5] Owens asserts that "the Children had a vested equitable interest in the proceeds of the Policy that could not be defeated by Mr. Wells subsequently designating a different beneficiary." Resp. at 5. She does not explain, however, why *they* are not seeking a constructive trust.

8

case.

SO ORDERED this \_\_\_2\_\_\_ day of March, 2021.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE